930 F.2d 31
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Jose Antonio Del VALLE MAGANA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 89-70406.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 3, 1990.*
Decided March 27, 1991.
 Before JAMES R. BROWNING, PREGERSON and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On March 5, 1989, the Board of Immigration Appeals ("the Board") dismissed Jose Antonio del Valle-Magana's appeal of an Immigration Judge's decision ordering him deported to Nicaragua. On September 5, 1989, the Board denied Valle-Magana's Motion to Reopen the administrative proceedings. Valle-Magana appeals the Board's denial of the motion, arguing that (1) the Board should have reopened and held the proceedings in abeyance pending adjudication of his visa petition, and (2) the Board should have reopened the proceedings since he now qualifies for voluntary departure. Reviewing for abuse of discretion the Board's denial of the motion, INS v. Jong Ha Wang, 450 U.S. 139, 140-41 (1981), we affirm.
 
 
 3
 * Valle-Magana's argument that the proceedings should have been reopened and then administratively closed because of his pending visa petition is meritless. Reopening proceedings and holding them in abeyance pending resolution of a visa petition is available only where the movant has filed an application for adjustment of status pursuant to 8 C.F.R. Sec. 245.2(a)(2). Valle-Magana has not applied for adjustment of status, nor would he be eligible if he had since he was not "inspected, and admitted or paroled into the United States." 8 U.S.C. Sec. 1255. Since Valle-Magana has not established a prima facie case for the underlying substantive relief sought, the Board's refusal to reopen proceedings on this ground was not an abuse of discretion. INS v. Abudu, 485 U.S. 94, 104 (1988).
 
 II
 
 4
 To be eligible for voluntary departure under 8 U.S.C. Sec. 1254(e), an alien must "establish to the satisfaction of the Attorney General that he is, and has been a person of good moral character for at least five years immediately preceding his application for voluntary departure under this subsection." 8 U.S.C. Sec. 1101(f)(6) provides that no person shall be considered of good moral character who "has given false testimony for the purpose of obtaining any benefits under this chapter." Valle-Magana concedes he testified falsely in his 1985 deportation and asylum proceedings in which he asserted he was a citizen and native of Nicaragua and was in fear of persecution by the Nicaraguan government; he claims he did so because of his fear of being deported to El Salvador. However, as the Board's decision points out, he did not disclose the falsity of his testimony until after the Board had denied his request for asylum. Furthermore, his motion to reopen was not accompanied by a request for asylum. The Board's refusal to reopen the proceedings was not an abuse of discretion.
 
 
 5
 AFFIRMED.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)